NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTELMO VELASQUEZ,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

               Respondent.

No.   21-469

Agency No. A075-624-696

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2023[**]
Pasadena, California

Before:  N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Petitioner Antelmo Velasquez seeks review of a Board of Immigration

Appeals' (BIA) decision affirming the decision of the Immigration Judge (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying asylum and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Where, as here, "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). To overturn the agency's factual findings, a petitioner must show that "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (emphasis in original) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006).

*First*, Velasquez contends that the IJ erred in noting that Velasquez failed to supply a declaration from his father. But "[b]ecause the BIA did not reach this ground, we do not consider it here." *Guan v. Barr*, 925 F.3d 1022, 1030 n.3 (9th Cir. 2019).

---

[1] Although Velasquez appealed the IJ's denial of withholding of removal to the BIA, he abandons that claim here. *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015). Even assuming Velasquez had not abandoned the claim, his withholding claim would still fail in light of our denial of his petition for review of asylum, which aside from the nexus context sets a lower bar for relief than withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

*Second*, Velasquez contends that the BIA erred in affirming the IJ's denial of his asylum claim. To establish eligibility for asylum, Velasquez must show that he has a "well-founded fear of future persecution" on account of a protected ground. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)(A)). The BIA affirmed the denial of asylum because it found no clear error in either the IJ's finding that Velasquez did not suffer past persecution or that Velasquez lacked a well-founded fear of future persecution. Velasquez has not shown that the BIA erred.

Velasquez argues that he suffered past persecution because he was robbed in June 2012. Although his testimony was less than precise regarding who committed the robbery, it suggests that he believed the robbery was committed by "corrupt police" operating on behalf of Velasquez's political "rivals." Velasquez testified that in this robbery his money was stolen, his credentials were ripped up, and he was threatened with "disappear[ance]" if he reported the robbery or if they saw him "there." Velasquez does not argue that he suffered any physical harm from the robbery. And although he gestures at a connection between this 2012 robbery and physical attacks his father suffered in 1989, he fails to show that his robbery was anything more than an isolated incident. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1174, 1177–78 (9th Cir. 2004). Nor do the vague threats issued against Velasquez transform his robbery into past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th

Cir. 2000). Velasquez thus fails to show the BIA erred in determining that he did not suffer past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (cleaned up)).

Velasquez also argues that, even if he did not experience past persecution, he has a well-founded fear of future persecution. To show a well-founded fear of future persecution, Velasquez must show "that he has a good reason to fear future persecution by adducing credible, direct, and specific evidence … that would support a reasonable fear of persecution." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004) (cleaned up).

Velasquez contends that he has a reasonable fear of persecution because the police in Mexico are corrupt and, more specifically, that they are loyal to the Revolutionary Political Party (PRI), which Velasquez testified is a rival party to his own political party, the Morena Party. The country conditions evidence indicates that Mexico's police suffer from corruption, but that does not compel the conclusion that Velasquez himself faces a particular risk of persecution upon return to Mexico. *See Prasad*, 47 F.3d at 340. Nor does the country conditions evidence indicate that the police are loyal to the PRI. And although Velasquez testified that the police and the PRI are the "same corrupt group," that the PRI pays the police, and that the robbery he suffered was inflicted by the police on behalf of the PRI, the BIA found

that Velasquez did not provide any "persuasive evidence that his political rivals remain interested in him after the June 2012 encounter." Velasquez has not shown this finding lacks substantial evidence. Thus, even assuming that Velasquez is right that the police are loyal to the PRI, he has not shown that the PRI poses a threat to him. *See id.* at 339.

Velasquez also relies on an attack against his father that occurred in 1989 as evidence that he has a reasonable fear of persecution. But as the BIA found, the attacks against his father were "too distant in time" to give rise to a reasonable fear of harm against Velasquez. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000).

*Third*, Velasquez contends that the BIA erred in affirming the denial of his application for CAT relief. "For CAT relief, the alien must prove that it is 'more likely than not that he or she would be tortured if removed to the proposed country.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (quoting 8 C.F.R. § 208.16(c)(2)). Velasquez argues that he will more likely than not be tortured upon his return to Mexico because of corruption in the Mexican "police forces," the fact that the Mexican police have engaged in torture, and the low success rate of prosecutions for torture. He does not argue that he suffered past torture. Because none of his evidence—viewed individually or together—compels the conclusion that Velasquez "faces a particularized, ongoing risk of future torture," Velasquez has not

shown the agency's CAT conclusion merits reversal. *Tzompantzi-Salazar*, 32 F.4th at 706–07.

**PETITION DENIED.**